**Mulenda D. KALOMBO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3434–ag.**

United States Court of Appeals, Second Circuit.

May 7, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Glenn L. Formica, New Haven, CT, for Petitioner.

Jeffrey S. Bucholtz, Acting Asst. Atty. General, Civil Div.; Jennifer L. Lightbody, Senior Litigation Counsel, Regan Hildebrand, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Wash., D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. JOSÉ A. CABRANES and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Mulenda D. Kalombo, allegedly a native and citizen of the Democratic Republic of Congo ("DRC"), seeks review of a July 16, 2007 order of the BIA affirming the February 2, 2006 decision of Immigration Judge ("IJ") Matthew D'Angelo denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mulenda D. Kalombo*, No. A 95 381 347 (B.I.A. July 16, 2007), *aff'g* No. A 95 381 347 (Immig. Ct. Hartford, Feb. 2, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Here, the BIA adopted and affirmed the IJ's decision. In addition, it addressed Kalombo's due process arguments.[2] Thus, we review the IJ's decision as supplemented by the BIA. *See id.*

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339–40 (2d Cir.2006) (agreeing with this principle, but declining to remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ We conclude that substantial evidence supports the agency's adverse credibility determination. The IJ accurately observed several discrepancies regarding Kalombo's alleged arrests, including: (1) Kalombo testified that he was first arrested in January 1992 for participating in a Union for Democracy and Social Progress ("UDPS") protest, but his August 2005 affidavit stated that he "endured occasional detentions" between 1993 and 1997; (2) while Kalombo testified that he was arrested in 1998 for participating in a protest, he asserted in his affidavit that his involvement with UDPS "fell away" in 1997; (3) while Kalombo testified that he was arrested in 1998 and beaten regularly for three weeks, his affidavit referenced "occasional detentions" that were "brutal and resulted in beatings," but were "generally not

---

**2.** While "the BIA does not have jurisdiction to adjudicate constitutional issues," *United States v. Gonzalez–Roque*, 301 F.3d 39, 48 (2d Cir.2002), it may adjudicate underlying issues concerning fairness of process. *See Theodoropoulos v. INS*, 358 F.3d 162, 172 (2d Cir. 2004).

long"; and (4) although Kalombo testified at his July 2003 hearing that his 2001 detention lasted two weeks, he stated in his affidavit that the detention lasted four months. Because these inconsistencies involved the crux of Kalombo's claim that he was persecuted in the DRC on account of his political opinion, they substantiated the IJ's adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

■ Moreover, in finding Kalombo not credible, the IJ reasonably relied on the omission from his affidavit of the physical attacks against him and his family members at the time of his 2001 arrest. Kalombo testified that when he went home on the date of his last arrest, his residence was surrounded by "military men," his family members had been beaten, and two of his sisters had been raped. Kalombo further testified that when he attempted to flee, the soldiers fired shots at him, tied him up, beat him in the head with the butts of their guns, and put him in the back of a Jeep. He made no mention of these details in his affidavit. Ordinarily, this Court does not require an applicant to include every detail regarding the basis for his asylum claim where the "small space" on the asylum application form "would hardly indicate to an applicant" that the failure to include such detail "could later lead to an adverse credibility finding when the applicant elaborates on them in the course of a deportation hearing." *See id.*; *see also Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006). However, in the instant case, Kalombo did not merely set forth his asylum claim within the confines of a Form I–589. Rather, he submitted an eight page affidavit amending his original asylum application by including a chronological account of his arrests and detentions. Because the circumstances surrounding Kalombo's 2001 arrest were plainly materi-al to his claim that he suffered persecution at the hands of Kabila's soldiers, the IJ properly found that their omission from his affidavit undermined his credibility. *See Secaida–Rosales,* 331 F.3d at 308.

■ Further, the IJ reasonably found that Kalombo's identity remained "at issue" because he failed to submit any authenticated identity documents. We have previously found that the method for authentication set forth in 8 C.F.R. § 287.6 is not the exclusive means of authenticating records before an IJ. *See Cao He Lin,* 428 F.3d at 404–05. Nonetheless, Kalombo's failure to corroborate his testimony in this manner bore on his credibility because his deficient corroboration rendered him unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004); *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

■ While the IJ made additional credibility findings, we need not address them here. Even assuming that these findings were in error, remand would not be required because we can confidently predict that the agency would reach the same decision, absent any errors. *See Xiao Ji Chen,* 471 F.3d at 339–40. Because the only evidence of a threat to Kalombo's life or freedom or a likelihood that he would be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims regarding withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Finally, we find no merit in Kalombo's due process arguments. Even assuming that the translators at Kalombo's hearings may have omitted a portion of his testimony, the BIA reasonably found that

Kalombo failed to demonstrate prejudice. *See Augustin v. Sava,* 735 F.2d 32, 34 (2d Cir.1984); *see also Zacarias–Velasquez v. Mukasey,* 509 F.3d 429, 434–35 (8th Cir. 2007) (holding that although "[d]ue process includes the right to competent translation," "an alien must prove prejudice that potentially affects the outcome" (internal citations omitted)). Given that substantial and material inconsistencies in the record supported the agency's adverse credibility determination, and Kalombo has not shown that any mistranslation contributed to those inconsistencies, the BIA properly concluded that he failed to establish his eligibility for the relief he sought.

█ Furthermore, Kalombo's assertion that the IJ denied him due process by cross examining him over two hearings held two years apart is unavailing. Given that Kalombo was afforded the opportunity to present testimony and documentary evidence regarding his claim over two individual hearings while represented by counsel, there is no merit to his contention that the IJ deprived him of due process.[3] *See Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 104–05 (2d Cir.2006) (citing *Capric v. Ashcroft,* 355 F.3d 1075, 1087 (7th Cir.2004) ("Due process requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard.")).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**3.** We note that Kalombo was cross-examined as to the content of his direct-examination within each respective hearing. He was not cross-examined in the latter hearing regarding his prior hearing.