**ZHAO BIN JIANG, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 07–5169–ag.

United States Court of Appeals, Second Circuit.

May 19, 2008.

Michael Brown, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Michael P. Lindemann, Assistant Director; Ada E. Bosque, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Hon. RICHARD C. WESLEY, Circuit Judges.

**44**

Petitioner Zhao Bin Jiang, a native and citizen of the People's Republic of China, seeks review of an October 25, 2007 order of the BIA affirming the September 27, 2005 decision of Immigration Judge ("IJ") Sandy K. Hom denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhao Bin Jiang,* No. A 98 719 630 (B.I.A. Oct. 25, 2007), *aff'g* No. A 98 719 630 (Immig. Ct. N.Y. City Sept. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007).

■ We conclude that substantial evidence supports the agency's adverse credibility determination. First, the IJ appropriately noted that Jiang's testimony was vague as to when he began practicing Falun Gong and when he was first arrested. Upon probing for further details, Jiang gave testimony which was internally inconsistent. For instance, on direct examination, Jiang testified that he started practicing Falun Gong in August 1999 and that Falun Gong became illegal in July 1999. However, when asked by his counsel whether he practiced Falun Gong after it was declared illegal, Jiang replied, "no." Similarly, when asked on cross-examination why he was arrested a first time in August 1999 if he was not practicing Falun

Gong at that point, Jiang replied that he stopped "after" he was arrested. These discrepancies properly supported the IJ's adverse credibility finding. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 334 (2d Cir.2006).

Further, the IJ properly found that Jiang's testimony was inconsistent with his written application regarding the date that he started to practice Falun Gong and the location of his second arrest. Jiang stated in his written application that he "started following Falun Gong" in May 1999. In contrast, he testified, as noted above, that he first started practicing Falun Gong in August 1999. Additionally, he indicated in his written application that government officials arrested him at his home in September 2004, but testified that he was arrested at a friend's house. The IJ properly relied on these inconsistencies in rendering his adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that considering the totality of the circumstances, a trier of fact may base a credibility determination on inconsistencies without regard to whether an inconsistency involves the heart of the applicant's claim).

Moreover, the IJ reasonably found that it was implausible that Jiang used his national identification card when he took a public bus to Beijing. By traveling in this manner, he "necessarily would have subjected himself to detection" when leaving Fujian Province by public transportation. *Cf. Wensheng Yan v. Mukasey,* 509 F.3d 63, 68 (2d Cir.2007) (finding that the IJ permissibly found it implausible that an applicant seeking to flee persecution by the authorities would repeatedly subject himself to situations in which authorities checked his identity).

■ The IJ also appropriately found that a lack of corroboration further undermined Jiang's credibility. Jiang asserts that the IJ impermissibly required him to present documentation corroborating his

medical condition without showing that it was reasonably available. That argument is unavailing because an IJ need not first identify the particular pieces of missing, relevant evidence, and show that this evidence was reasonably available to the applicant before relying on a lack of corroboration to support an adverse credibility finding. *See Xiao Ji Chen,* 471 F.3d at 341 (holding that these steps are not required when the applicant is not otherwise credible). In a similar vein, the IJ reasonably gave little weight to the photographs and affidavits Jiang submitted in support of his application. *See id.* at 341–42 (holding that the weight afforded to documentary evidence " 'lies largely' within the discretion of the IJ"). Jiang's deficient corroboration rendered him unable to rehabilitate the testimony that had already been called into question. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 78–79 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007).

Because the only evidence of a threat to Jiang's life or freedom or a likelihood that he would be tortured depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for withholding of removal and relief under the CAT, which rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.