**ZU YANG WANG, Petitioner,**

v.

**Michael B. MUKASEY,[1] Attorney General, Respondent.**

**No. 06–0665–ag.**

United States Court of Appeals, Second Circuit.

June 12, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**42**

———

Lin Li, New York, NY, for Petitioner.

Jeffrey Bucholtz, Acting Assistant Attorney General, Civil Division; Mary Jane Candaux, Assistant Director; Julie S. Pfluger, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. GUIDO CALABRESI and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Zu Yang Wang, a native and citizen of the People's Republic of China, seeks review of a January 30, 2006 order of the BIA affirming the October 25, 2004 decision of Immigration Judge ("IJ") Helen Sichel denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zu Yang Wang a.k.a. Zu Li Wang*, No. A 77 993 617 (B.I.A. Jan. 30, 2006), *aff'g* No. A 77 993 617 (Immig. Ct. N.Y. City, Oct. 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). We will vacate and remand for new findings, however, if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

In this case, the IJ stated that the petitioner failed to satisfy his burden of demonstrating that he is eligible for and deserving of asylum: he identified no instance of past persecution, and as for his claimed fear of future persecution, it was not supported by the evidence. "Even if he did," as he asserted, own a bookstore in China and briefly sell Falun Gong books, the IJ explained, "there is nothing in the background material that would suggest that an individual in the [petitioner's] position . . . would be at risk in China." The IJ noted, in this regard, that the petitioner did not claim to be a Falun Gong practitioner or adherent. As the petitioner did not meet the statutory requirements for asylum, the IJ concluded that he necessarily failed to meet the higher standard for withholding of removal. The IJ further found that nothing in the record supported a grant of relief pursuant to the CAT. The BIA affirmed, stating that it was not persuaded by any of the petitioner's disagreements with the IJ's decision.

The petition for review, which focuses largely on rebutting the "doubts" that the IJ expressed about the petitioner's credibility, identifies no legal error in the decision below. It also fails to point to record evidence that would require a reasonable adjudicator to conclude that the petitioner

has carried his burden. While the petitioner has identified background materials indicating that persons other than Falun Gong practitioners have been targeted by the Chinese Government because of imputed Falun Gong affiliation, these materials would not compel the conclusion that a person with as tenuous a connection to Falun Gong as the petitioner has described has a well founded fear of persecution.

Finally, to the extent that the petitioner continues to seek CAT relief, he has failed to raise in his brief to this Court any argument regarding the agency's denial of that claim. Accordingly, we deem any such argument waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).