SUMMARY ORDER

Cai Mei Wu, a native and citizen of the People’s Republic of China, seeks review of an April 18, 2008 order of the BIA affirming the June 7, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Cai Mei Wu, No. A98 895 527 (B.I.A. *579 Apr. 18, 2008), aff'g No. A98 895 527 (Immigr. Ct. N.Y. City Jun. 7, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA adopts the decision of the IJ and supplements the IJ’s decision, we review the decision of the IJ as supplemented by the BIA. See Yan Chen v. Gonzales, 417 F.3d 268, 271 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); see also Chrovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the agency’s adverse credibility finding is supported by substantial evidence. The IJ found that Wu’s “demeanor at certain times struck [him] as lacking in credibility,” where she “sometimes displayed certain levels of emotion during her testimony, and it appeared to the [IJ] that some of this display of emotion was contrived.” For asylum applications governed by the amendments to the Immigration and Nationality Act made by the REAL ID Act of 2005, like the one at issue here, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant’s demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go “to the heart of the applicant’s claim.” 8 U.S.C. § 1158(b)(l)(B)(iii). While Wu challenges the IJ’s demeanor finding as being based on “cursory observationfs],” we have held that an IJ’s findings relating to an applicant’s demeanor are accorded “particular deference.” Shu Wen Sun v. BIA, 510 F.3d 377, 381 (2d Cir.2007) (citing Jin Chen v. U.S. Dep’t of Justice, 426 F.3d 104, 113 (2d Cir.2005)). We have said that a fact-finder who assesses testimony together with witness demeanor is in the best position to discern “whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted ‘script.’ ” Tu Lin v. Gonzales, 446 F.3d 395, 401 (2d Cir.2006). Accordingly, we give deference to the IJ’s finding that Wu’s demeanor suggested a lack of credibility.
Further, the IJ found that Wu’s purported boyfriend’s failure to appear as a witness reflected negatively on her credibility. We have held that an applicant’s failure to corroborate her testimony may bear on credibility because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question. See Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 341 (2d Cir.2006). Here, where the IJ characterized Wu’s claim as “not very lengthy or involved” and “simple and straight forward,” and where he had already expressed concern about how her demeanor reflected on her credibility, it was proper for him to rely on her failure to corroborate her claim in making his adverse credibility determination. Id.
Moreover, the BIA highlighted an inconsistency in the record in relation to the IJ’s corroboration concern. Specifically, the BIA noted that Lin referred to Wu as his girlfriend in a relatively recent affidavit, but that Wu testified at her hearing that she was not romantically involved with Lin. While Wu argues that this perceived inconsistency is merely a matter of semantics, when considered in the totality of the circumstances, namely, her minimal claim, her “contrived” demeanor, and her failure to call her purported boyfriend as a witness in support of her claim, the agency’s adverse credibility determination is supported by substantial evidence. See 8 *580 U.S.C. § 1252(b)(4)(B); see also Corovic, 519 F.3d at 95.
Further, inasmuch as Wu bases her claim for withholding of removal and CAT on the same factual predicate as her asylum claim, those claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006); Wu Biao Chen v. INS, 344 F.3d 272, 275-76 (2d Cir.2003). Finally, we conclude that the agency did not err in denying Wu’s request for CAT relief to the extent it was based on her illegal departure from China. See Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 159-60 (2d Cir.2005); Mu-Xing Wang v. Ashcroft, 320 F.3d 130, 143-44 (2d Cir.2003).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.