SUMMARY ORDER

Petitioners Fikrat Mukhtar Ismayilov and Sevinj Nasraddin Gizi Ismayilova, natives of the former Soviet Union and citizens of Azerbaijan, seek review of the April 23, 2008 order of the BIA affirming the June 6, 2006 decision of Immigration Judge (“IJ”) Thomas J. Mulligan, denying *486 their application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Fikrat Mukhtar Ismayilov, et ano., Nos. A97 304 452, A97 304 453 (B.I.A. Apr. 23, 2008), aff'g Nos. A97 304 452, A97 304 453 (Immig. Ct. N.Y. City June 6, 2006). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When the BIA agrees with the IJ’s credibility determination but emphasizes particular aspects of the IJ’s decision, we review both the BIA’s and the IJ’s opinions, including the portions of the IJ’s decision not explicitly discussed by the BIA Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. § 1252(b)(4)(B); Dong Gao v. BIA, 482 F.3d 122, 126 (2d Cir.2007).
We find that substantial evidence supports the agency’s adverse credibility determination. The IJ correctly noted that Ismayilov’s testimony regarding the cause of his father-in-law’s death was inconsistent with the information on the death certificate. See Zhou Yun Zhang v. INS, 386 F.3d 66, 74 (2d Cir.2004), overruled in part on other grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296, 305 (2d Cir.2007). Ismayilov’s arguments notwithstanding, nothing in the record would compel any reasonable adjudicator to accept his explanation that there had been a government coverup. See Majidi v. Gonzales, 430 F.3d 77, 80-81 (2d Cir.2005). Furthermore, it was not improper for the agency to find it implausible that Ismayilov would leave his children behind in Azerbaijan when they too had been the subject of death threats. See Wensheng Yan v. Mu-kasey, 509 F.3d 63, 66-68 (2d Cir.2007). Moreover, we afford deference to the IJ’s observations about Ismayilov’s demeanor during his testimony, particularly where Ismayilov offers no argument challenging those observations. See, e.g., Shu Wen Sun v. BIA, 510 F.3d 377, 380-81 (2d Cir.2007).
In short, we find that the “cumulative effect” of all of the agency’s findings provided substantial evidence in support of its findings. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006). Because the agency’s credibility findings were “based upon neither a misstatement of the facts in the record nor bald speculation or caprice,” we will not disturb them. Zhou Yun Zhang, 386 F.3d at 74.
In light of the foregoing, the agency’s denial of asylum was not improper. Because Ismayilov based his claims for withholding of removal and CAT relief on the same factual predicate, the agency’s adverse credibility determination precludes success on those claims as well. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir. 2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).