06-0101-ag
Sun v. BIA

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

September Term, 2007

(Submitted: September 19, 2007            Decided: December 12, 2007)

Docket No. 06-0101-ag

SHU WEN SUN,

      *Petitioner*,

      v.

BOARD OF IMMIGRATION APPEALS,

      *Respondent.*

Before: MINER and CABRANES, *Circuit Judges.*[1]

      An Immigration Judge ("IJ") denied petitioner's claim for asylum as untimely and denied his claim for withholding of removal on the merits. The Board of Immigration Appeals summarily affirmed. We conclude that we are without jurisdiction to review petitioner's asylum claim. With regard to petitioner's claim for withholding of removal, we conclude that (1) the IJ's adverse credibility determination was based on substantial evidence; and (2) even if the IJ had found petitioner credible, petitioner is ineligible for withholding of removal to the extent that his claim of persecution is based on the alleged forced sterilization of his wife and his cousin.

      The petition is dismissed insofar as it seeks review of petitioner's asylum claim, and denied insofar as it seeks review of petitioner's claim for withholding of removal.

---

[1] The Honorable Thomas J. Meskill, who was a member of this panel and voted with the majority, passed away following argument in this case. The appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. Interim R. 0.14(b).

GARY J. YERMAN, New York, NY, *for Petitioner.*

JOHN J. GAUPP, Assistant United States Attorney (David R.
　　　　　Dugas, Unites States Attorney, Catherine M. Maraist,
　　　　　Assistant United States Attorney, *on the brief*) United
　　　　　States Attorney's Office for the Middle District of
　　　　　Louisiana, Baton Rouge, LA, *for Respondent.*

PER CURIAM:

Petitioner Shu Wen Sun seeks review of an order of Immigration Judge ("IJ") Michael J. D'Angelo denying his applications for asylum and withholding of removal.[2] The Board of Immigration Appeals ("BIA") summarily affirmed the IJ's decision. *In re Shu Wen Sun*, No. A 95 462 484 (B.I.A. Dec. 21, 2005), *aff'g* No. A 95 462 484 (Immig. Ct. Hartford June 9, 2004). On appeal, petitioner argues that the IJ erred by (1) finding him to be not credible and (2) denying him the relief he sought. For the reasons stated below, we dismiss the portion of the petition seeking review of petitioner's asylum claim and deny the portion of the petition seeking review of petitioner's claim for withholding of removal.

## BACKGROUND

Petitioner is a native and citizen of the People's Republic of China who claims that he arrived in the United States on or about August 20, 2001. On May 4, 2002, he filed an application for asylum and withholding of removal, claiming persecution based primarily on the alleged forced sterilization of his wife under Chinese family-planning policies.

The former Immigration and Naturalization Service subsequently commenced removal proceedings against petitioner. At the removal hearing before the IJ, held on June 9, 2004, petitioner conceded removability but sought asylum, withholding of removal, and relief under the CAT. To support these claims, petitioner offered as evidence his own testimony and certain corroborating

---

[2] The IJ also denied Sun's application for relief under the Convention Against Torture ("CAT"). Sun's appeal does not, however, raise any arguments concerning this claim. Accordingly, we consider only his arguments regarding his claims for asylum and withholding of removal. *See, e.g.*, *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1 (2d Cir. 2005) (explaining that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal).

2

documents, none of which were properly authenticated.

The IJ concluded that petitioner was lacking in credibility based in part on two observations. The first observation concerned petitioner's demeanor—namely, the fact that he appeared to be "an evasive . . . and at times . . . non-responsive witness." The second observation concerned the existence of multiple discrepancies in the evidence that petitioner submitted to the Immigration Court. For example, petitioner provided varying accounts of (1) the sequence of events following his alleged encounter with local family planning officials and (2) the manner in which he obtained funds for his travel to the United States. (3) He testified that his marriage was registered on December 11, 1991 but submitted a marriage certificate dated October 11, 1991. (4) The identification numbers on the resident identification cards allegedly issued to petitioner and his wife did not match the identification numbers set forth on their household register document. Finally, (5) the translation of the marriage certificate petitioner had submitted had been altered with "white-out."

The IJ further noted that the documents petitioner had submitted to verify his wife's involuntary abortion and sterilization appeared "fraudulent." Specifically, the IJ found that the issuance of an "abortion certificate" to document the involuntary abortion and sterilization of petitioner's unemployed wife conflicted with the United States Department of State Asylum Profile's ("Asylum Profile") explanation that any such certificate would be issued for a voluntary abortion as evidence for sick leave requests from work. The IJ also concluded that the authenticity of the official warning letter petitioner had submitted was fatally undercut by the Asylum Profile's observation that Chinese family planning officials do not issue written warnings to individuals who fail to comply with the one child policy. In all, the IJ concluded that petitioner appeared to have been "testifying from a rehearsed script of events" and that his story appeared to have been "fabricated."

Having determined that petitioner's evidence could not be credited, the IJ found that petitioner

3

had not met his burden of proof with respect to any of his claims for relief. With respect to petitioner's asylum claim, the IJ made the further finding that, because petitioner had not demonstrated "by clear and convincing evidence" that he had entered the United States less than one year before filing his asylum application, petitioner's application for asylum was untimely. *In re Shu Wen Sun*, No. A 95 462 484 (Immig. Ct. Hartford June 9, 2004). Petitioner appealed to the BIA, which affirmed the IJ's decision without opinion. *In re Shu Wen Sun*, No. A 95 462 484 (B.I.A. Dec. 21, 2005).

This petition for review followed.

## DISCUSSION

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See, e.g.*, *Chun Gao v. Gonzales*, 424 F.3d 122, 124 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

## I.     Asylum Application

The IJ denied petitioner's asylum application upon finding that (1) the application was untimely and (2) petitioner did not qualify for any exceptions to the statutory filing deadline. We lack jurisdiction to review these determinations. *See* 8 U.S.C. § 1158(a)(3) (placing agency determinations as to the timeliness of an asylum application beyond judicial review); *see also Gui Yin Liu v. INS*, No. 03-4803-ag, — F.3d — , 2007 WL 4208776, at * 3 (2d Cir. Nov. 30, 2007). In addition, while we do have jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), petitioner has raised no such arguments in his brief. Accordingly, we must dismiss for lack of subject matter jurisdiction the portion of his petition seeking to review the denial of his asylum claim by the IJ and the

4

BIA. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329-30 (2d Cir. 2006).

## II.     Withholding of Removal: Adverse Credibility Finding

Petitioner challenges the IJ's adverse credibility determination on several grounds. First, he contends that the inconsistencies identified by the IJ are based on mischaracterizations of his testimony. Second, he argues that, even if his evidence was inconsistent, the inconsistencies in question—for example, the discrepancy between the identification numbers shown on the household register document as opposed to the identification cards belonging to petitioner and his wife—do not constitute a sufficient basis for an adverse credibility determination. Finally, he asserts that the abortion and sterilization certificates submitted in support of his application for relief did not conflict with the State Department Asylum Profiles. We find petitioner's arguments unavailing.

In *Xiao Ji Chen*, we noted that "the [Immigration and Nationality Act ("INA")] tightly circumscribes our review of factual findings, including adverse credibility determinations, by an IJ." 471 F.3d at 333. Therefore, we undertake a "highly deferential" review of the IJ's findings, *id.* at 334, "look[ing] to see if the IJ has provided specific, cogent reasons for the adverse credibility finding and whether those reasons bear a legitimate nexus to the finding," *id.* (internal quotation marks omitted). Essentially, our review "is designed to ensure merely that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice," *id.* (internal quotation marks omitted).

As an initial matter, we note that the IJ appears to have misunderstood petitioner's testimony explanation of how he managed to obtain the funds to pay for his passage to the United States. That is, petitioner testified that he had obtained the money after he came to the United States, but the IJ understood petitioner to be claiming that he had raised this money while he was still in China. We

5

conclude that petitioner's remaining challenges to the IJ's credibility determination are without merit.[3]

Nonetheless, even if we were to conclude that the IJ's reliance on this observation was error, which we decline to do, that conclusion would not lead us to disturb the IJ's overall decision. This is because, even leaving aside this observation, "the IJ's denial of petitioner's claim for withholding of removal was supported by substantial evidence and we are confident that the same decision would be made in the absence of the [alleged] deficiencies." *Xiao Ji Chen*, 471 F.3d at 336.

The IJ correctly noted that petitioner's initial testimony as to his date of marriage conflicted with the date shown on the marriage document that petitioner submitted to the IJ. The IJ was also justified in relying on the discrepancy between the Asylum Profile, which states that Chinese family planning officials do not issue written warnings to individuals who fail to comply with the one child policy, and the document petitioner submitted as an official letter which contained just such a warning. *Cf. Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2000) ("In reviewing credibility determinations, our role is generally to evaluate whether the fact-finder made a reasonable determination as to petitioner's credibility.").

In addition, the IJ's opinion refers specifically to several findings concerning petitioner's behavior and demeanor at the removal hearing. As we noted in *Jin Chen v. U.S. Dep't. of Justice*, 426 F.3d 104 (2d Cir. 2005):

> We give particular deference to credibility determinations that are based on the adjudicator's observation of the applicant's demeanor, in recognition of the fact that the IJs ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question.

---

[3] We also note that our recent decision in *Zheng Jian Chen v. BIA*, 461 F.3d 153 (2d Cir. 2007) has indicated that, under certain circumstances, a discrepancy between the identification numbers shown on different documents may not necessarily indicate fraud. In *Zheng Jian Chen*, we observed that, although the petitioner had provided a specific explanation for the discrepancy, 461 F.3d at 156, the IJ had failed to investigate petitioner's explanation. *Id.* at 156. Accordingly, we remanded for further fact-finding. Here, the IJ did not conclude that the discrepancy was based on fraud but merely noted that "the numbers differ." In addition, petitioner did not offer any explanation for the discrepancy. As such, the IJ cannot be said to have erred by failing to investigate.

*Id.* at 113. Here, the IJ noted that petitioner was evasive and non-responsive in a manner that suggested untruthfulness, rather than nervousness or difficulty comprehending the proceedings. In accordance with our prior case law, we "give particular deference" to this finding. *Id.*

Accordingly, we conclude that the IJ provided sufficient reasons for his adverse credibility finding and that the record contains sufficient evidence to support these reasons.

## III. Withholding of Removal based on the Alleged Forced Sterilization of Spouse

Even if the IJ erred in finding petitioner to be non-credible, we hold that petitioner is ineligible for withholding of removal to the extent that his claim of persecution is based on the asserted forced sterilization of his alleged spouse. *See Gui Yin Liu,* — F.3d at — , 2007 WL 4208776, at *5.

In a similar case, our Court has recently held that a withholding of removal claim based solely on the forced sterilization of petitioner's wife is "doomed." *Gui Yin Liu*, —F.3d at — , 2007 WL 4208776, at *5; *cf. Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007) (en banc) ("[A]pplicants can became candidates for asylum relief only based on persecution that they themselves have suffered or must suffer."). The text of 8 U.S.C. § 1231(b)(3),[4] the provision governing withholding of removal, does not countenance a claim of "derivative persecution." Like a claim for asylum, withholding of removal requires a showing of direct personal persecution. A petitioner who has not "personally experienced persecution . . . on a protected ground" is ineligible to obtain withholding of removal relief. *Id.* at 306. Therefore, petitioner cannot base his claim for withholding of removal on his wife's alleged forcible abortion.

It is not clear whether petitioner also bases a claim for relief on the alleged sterilization of his

---

[4] 8 U.S.C. § 1231(b)(3)(A) provides for withholding of removal:

> [T]he Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion.

cousin.  Such a claim would meet with the same problems as one derived from a spouse's persecution

and is, for the same reasons, foreclosed.[5]


## CONCLUSION

For these reasons, the petition for review of the denial of asylum is **DISMISSED** for lack of

jurisdiction and the petition for review of the withholding of removal claim is **DENIED**.

---

[5] Sun arguably may have claimed persecution based on his own alleged resistence to family planning officials' attempts to forcibly sterilize his cousin and the resulting retaliation he alleges from that incident. We conclude that the factual record was "adequately developed" on this issue and, accordingly, hold that there is no need for a remand to the BIA. *Cf. Gui Yin Liu*, — F.3d at —, at 11, 2007 WL 4208776, at *6 (remanding to the BIA for a determination of whether certain claims of direct persecution required more factual development).  Because we have determined that the IJ did not err in finding petitioner to be not credible, any claim for relief on this basis is also foreclosed.