**ZUMENG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 07–5107–ag.**

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

Lin Li, Law Office of Fengling Liu, New York, New York, for Petitioner.

Nairi M. Simonian, Trial, Attorney, Office of Immigration Litigation (Cindy S. Ferrier, Senior Litigation Counsel, on the brief), for Gregory G. Katsas, Acting Assistant Attorney General, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Hon. REENA RAGGI, Circuit Judges.

**SUMMARY ORDER**

Petitioner Zumeng Chen, a native and citizen of the People's Republic of China, seeks review of a November 6, 2007 order of the BIA affirming the January 12, 2006 decision of Immigration Judge ("IJ") Thomas J. Mulligan denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and finding that Chen had not proved his date of entry into the United States by clear and convincing evidence. *In re Zumeng Chen,* No. A 98 403 369 (B.I.A. Nov. 6, 2007), *aff'g* No. A 98 403 369 (Immig.Ct.N.Y.City, Jan. 12, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, 8 U.S.C. § 1158(a)(3) provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, this Court retains jurisdiction to review constitutional

claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Here, we are without jurisdiction to review Chen's challenge to the IJ's pretermission of his asylum application where he contests only "the correctness of the [IJ's] factual findings or justification for the discretionary choices" under 8 U.S.C. §§ 1158(a)(2)(B) and (D). *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir.2006). We dismiss the petition for review to that extent. 8 U.S.C. § 1158(a)(3).

However, section 1158(a)(3) applies only to asylum requests and does not divest this Court of jurisdiction under § 1252(a) to review final orders of removal that deny other relief, such as withholding of removal and CAT relief. *See Joaquin–Porras v. Gonzales*, 435 F.3d 172, 180–81 (2d Cir. 2006). Chen has not challenged the denial of his CAT claim on appeal, and we consider that issue waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). We therefore review only Chen's challenge to the denial of his application for withholding of removal.

When the BIA affirms the IJ's credibility finding without rejecting any portion of it but emphasizing certain aspects of the IJ's reasoning, this Court reviews both decisions. *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir.2007). Here, the BIA affirmed the IJ's adverse credibility finding and emphasized the IJ's findings as to Chen's demeanor, but did not reject the IJ's further reliance on "minor discrepancies" in Chen's testimony. Thus, we review both the IJ and BIA rulings. *See id.*

We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007). We accord particular deference to an IJ's findings regarding a petitioner's demeanor while testifying. *See, e.g., Shu Wen Sun*, 510 F.3d at 381

(citing *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir.2005)). We recognize that a fact-finder who assesses testimony together with witness demeanor is in the best position to discern "whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Id.* Further, that fact-finder may assess "whether a witness who hesitated in a response was nevertheless attempting truthfully to recount what he recalled of key events or struggling to remember the lines of a carefully crafted 'script.'" *Zhou Yun Zhang v. U.S. I.N.S.*, 386 F.3d 66, 73 (2d Cir.2004), *overruled on other grounds*, 494 F.3d 296 (2d Cir.2007). Evasiveness is "one of the many outward signs a fact-finder may consider in evaluating demeanor and in making an assessment of credibility." *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006) (holding also that "[d]emeanor is virtually always evaluated subjectively and intuitively, and an IJ therefore is accorded great deference on this score").

In this case, the IJ rejected Chen's claims based entirely on an adverse credibility finding, which in turn rested principally on the IJ's assessment of Chen's demeanor while testifying. The IJ found that it had "no hesitancy in determining that [Chen] has not been credible to the Court." The IJ described Chen's demeanor as "extremely hesitant." The IJ said further that he gave "very short, simple responses to questioning, with no appreciable detail; his testimony conveyed the impression that much of it was memorized; his testimony conveyed the clear impression that when he went 'off script' he had difficulty responding to questions; there were frequent long delays before providing answers to questions; he was very hesitant and evasive in his responses." There-

fore, the IJ concluded, Chen "is seriously lacking in credibility."

The IJ also cited several other problematic issues relating to Chen's testimony, which the BIA characterized· as "minor discrepancies" but did not reject. For example, the IJ found it "puzzling" that Chen said he did not have the phone number of an individual who had submitted a supporting affidavit, when the number was printed on the affidavit itself. The IJ also noted that Chen admitted lying to the government upon his initial contact in the United States, and that he submitted a false change of address form.

We conclude that the IJ's adverse credibility finding met the substantial evidence standard. It is true that the IJ, in his ruling, did not reference specific examples of Chen's unconvincing demeanor. However, the types of observations that the IJ made (*e.g.*, hesitant answers, delays before answering) are not easily reflected in a record. Furthermore, the transcript of the hearing before the IJ largely supports the IJ's observation that Chen's responses lacked "appreciable detail," and that he seemed to have much greater difficulty answering questions that were not posed by his own counsel (for example, in response to the government counsel's questions about his documents, Chen simply repeated that he had lost every document about which she inquired). Finally, the testimonial discrepancies cited by the IJ provide further support for an adverse credibility finding.

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, the pending motion for a stay

of removal in this petition is DISMISSED as moot.