**MIN LI, Petitioner,**

v.

**DEPARTMENT OF HOMELAND SECURITY, Michael B. Mukasey, United States Attorney General,[1] Respondents.**

No. 07–4632–ag.

United States Court of Appeals, Second Circuit.

Sept. 5, 2008.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Ramesh K. Shrestha, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Greg D. Mack, Senior Litigation Counsel; Surell Brady, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Min Li, a native and citizen of the People's Republic of China, seeks review of a September 28, 2007 order of the BIA affirming the September 26, 2005 decision of Immigration Judge ("IJ") Paul A. Defonzo denying her application for asylum and withholding of removal. *In re*

*Min Li,* No. A 98 595 571 (B.I.A. Sept. 28, 2007), *aff'g* No. A 98 595 571 (Immig. Ct. N.Y. City Sept. 26, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005). For asylum applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

Substantial evidence supports the agency's adverse credibility determination. The IJ reasonably found an inconsistency between Li's testimony that she attended her home church infrequently in 2004 because she was a student and her written application indicating that she stopped attending school in 2000. The agency appropriately rejected Li's explanation that she "did not mention 2004"; she had never argued that there were translation errors. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (emphasizing that the agency

need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable factfinder to do so).[2] Thus, this inconsistency substantiated the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir. 2003).

Similarly, the IJ correctly noted that Li's testimony that she was unable to attend religious classes because her church was only open on Sunday was contradicted by her pastor's wife's testimony, indicating that the church was open at least four other days during the week. Given that this discrepancy bore on Li's involvement in religious activities, the agency reasonably found that it undermined her credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Secaida–Rosales,* 331 F.3d at 308.

The IJ also properly based his adverse credibility finding on substantial omissions from Li's written application and the letter she submitted from her mother. The IJ accurately noted that while Li testified that her mother informed her that the authorities continued to look for her, no such assertion appears in either Li's written application or her mother's letter. Ordinarily, "asylum applicants are not required to list every incident of persecution on their I–589 statements." *Pavlova v. INS,* 441 F.3d 82, 90 (2d Cir.2006). While Li asserts that evidence of Chinese authorities' continued interest in her is "superfluous," that argument is unavailing where it goes directly to whether she has any fear of persecution. 8 C.F.R. § 1208.13(b)(1). Further, in providing the details of her asylum claim, Li was not confined to "the small space on the form itself." *Secaida–*

*Rosales,* 331 F.3d at 308. Rather, she supplemented her application with a separate statement attached to her Form I–589. Thus, these omissions support the agency's credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Secaida–Rosales,* 331 F.3d at 308.

Finally, contrary to Li's argument, there is no indication that the agency failed to consider the "totality of the circumstances" in rendering its decision. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Because substantial evidence supports the agency's adverse credibility determination, its denial of Li's application for asylum and withholding of removal was proper to the extent both claims rested on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

**2.** We decline to review Li's argument that she misunderstood the question because she was distraught during this portion of her hearing; as the Government observes, she failed to raise this explanation before the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 121–22, 124 (2d Cir.2007) (describing issue exhaustion as "mandatory").