**XIU KE XIA, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

No. 08–0271–ag.

United States Court of Appeals, Second Circuit.

Sept. 19, 2008.

■■■■■

Oleh R. Tustaniwsky, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division; Aviva L. Poczter, Senior Litigation Counsel; Chistopher P. McGreal, Trial Attorney; Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Ke Xia, a native and citizen of the People's Republic of China, seeks review of a December 18, 2007 order of the BIA affirming the January 5, 2006 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xiu Ke Xia,* No. A 97 512 072 (B.I.A. Dec. 18, 2007), *aff'g* No. A 97 512 072 (Immig. Ct. N.Y. City Jan. 5, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We note at the outset that Xia has waived any challenge to the agency's denial of his application for asylum and withholding of removal. Instead, he limits his petition to challenging the BIA's denial of his request for CAT relief.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.

2005). We review the agency's factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We conclude that substantial evidence supports the agency's determination that Xia failed to establish eligibility for CAT relief. While Xia asserts in his brief that he will be jailed and tortured if returned to China due to his illegal departure, he recognizes that his claim is governed largely by our holding in *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156 (2d Cir.2004). In that case, we held that the BIA did not err in finding that the petitioner was not entitled to CAT relief based solely on the fact "that she is part of the large class of persons who have illegally departed China." *Id.* at 159–60. We held that such a showing would require more particularized evidence. *Id.* Xia has provided no more evidence than the petitioner in *Mu Xiang Lin,* and to the extent he asks us to "reconsider" that decision, we decline to do so.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).