**ZHI QIN CHEN, aka Zhi Xin Chen, aka Chen Zhiqin, Petitioner,**

v.

**Mark FILIP, Acting United States Attorney General,\* Respondent.**

No. 08–0589–ag.

United States Court of Appeals, Second Circuit.

Jan. 30, 2009.

Charles Christophe, New York, N.Y., for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Kristin A. Moresi, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN and Hon. WALKER, Circuit Judges.

### SUMMARY ORDER

Zhi Qin Chen, a native and citizen of the People's Republic of China, seeks review

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Mark Filip is substituted for

Michael B. Mukasey as Respondent

of a January 22, 2008 order of the BIA, affirming the May 18, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhi Qin Chen,* No. A95 673 271 (B.I.A. Jan. 22, 2008), *aff'g* No. A95 673 271 (Immig. Ct. N.Y. City May 18, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we review both the BIA's and IJ's opinions—or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA. *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir. 2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Upon review of the administrative record, we find that substantial evidence supports the agency's adverse credibility determination. The agency properly relied on inconsistencies in the record regarding Chen's claim that she went into hiding in order to avoid persecution by family planning officials. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir. 2006). For example, the documentary evidence in the record indicated that Chen and her husband were living at her parents' house prior to the date that they purportedly began hiding at that house. Additionally, despite repeated questioning, Chen could not provide any information regarding where she lived immediately before going into hiding. Regardless of the centrality of these and other inconsistencies in the record, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), the agency did not err in finding that they provided support for its adverse credibility finding when taken cumulatively. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006) ("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder." (internal citations omitted)). Furthermore, despite Chen's argument that explained these inconsistencies, she fails to point to any such explanations, and our review of the record reveals no explanations that a reasonable fact-finder would have been compelled to accept. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun,* 510 F.3d at 379–80. Thus, the agency's denial of Chen's application for asylum, withholding of removal, and CAT relief was proper where each claim rested on her asserted fear of forced sterilization. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

Finally, we find that the record does not support Chen's argument that the IJ's decision to deny her application for relief was based on his bias and hostility towards her. Indeed, although the record reveals that the IJ became frustrated with Chen

because he could not hear her testimony and because she was evasive when responding to his questions, a reasonable fact-finder would not be compelled to conclude that the IJ demonstrated bias or hostility towards Chen.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).