**FENG GAN TENG, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General, Respondent.**[1]

No. 08–2756–ag.

United States Court of Appeals, Second Circuit.

July 9, 2009.

---

1. Pursuant to Federal Rule of Appellate Pro-

cedure 43(c)(2), Attorney General Eric. H.

Feng Li, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Carol Federighi, Senior Litigation Counsel; Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

Present DENNIS JACOBS, Chief Judge, JOHN M. WALKER, JR., PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Feng Gan Teng, a native and citizen of China, seeks review of a May 14, 2008 order of the BIA affirming the February 10, 2003 decision of Immigration Judge ("IJ") Robert Weisel, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Gan Teng,* No. A79 682 233 (B.I.A. May 14, 2008), *aff'g* No. A79 682 233 (Immig. Ct. N.Y. City Feb. 10, 2003). We assume the parties' familiarity with the underlying facts and procedural history of this case.

"Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA's and IJ's opinions-or more precisely, we review the IJ's decision including the portions not explicitly discussed by the BIA." *Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). We "review[ ] the agency's factual findings, including adverse credibility determina-

tions, under the substantial evidence standard." *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007); *see also* 8 U.S.C. § 1252(b)(4)(B). "We review *de novo* questions of law and the application of law to undisputed fact." *Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Here, substantial evidence supports the agency's adverse credibility determination. Teng testified that family planning officials went to his home to arrest him in December 2002, and beat his brother, causing his brother's death. Although the incident occurred after Teng submitted his asylum application, he did not submit an amended statement regarding the incident, and his girlfriend's letter, which was written shortly after the incident, failed to mention it. The IJ did not err in relying on this omission to find that Teng was not credible. *See Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006) (concluding that the omission of a pertinent allegation supports the IJ's decision). While Teng argues that the IJ erred in relying on the omission because it was minor and did not go to the heart of his claim, the IJ did not err in finding the omission to be substantial. *See Poradisova v. Gonzales,* 420 F.3d 70, 74–75, 79–81 (2d Cir.2005) (finding that persecution suffered by similarly situated friends and relatives was relevant evidence of whether an applicant's fear is well-founded).

The IJ also did not err in relying upon inconsistencies regarding how Teng and his girlfriend fled from family planning officials. While Teng testified that he and his girlfriend drove for three hours using a "car," his girlfriend's letter stated that they went "by bus," and when confronted with the inconsistency, Teng explained that it was due to a translation error because they left by "truck or van" and that

Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

in Chinese, "we just say car." Because Tang has not "demonstrate[d] that a reasonable fact-finder would have been *compelled* to credit his testimony," *Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005) (emphasis in original), we defer to the IJ's adverse credibility finding. Finally, as the IJ did not find Teng's testimony credible, the IJ did not err in noting the absence of documentary evidence that may have corroborated Teng's claim. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006).

Although the IJ made additional findings in concluding that Teng was not credible, we need not discuss them here. Ultimately, the IJ's adverse credibility finding was "based upon neither a misstatement of the facts in the record nor bald speculation or caprice," and thus, was supported by substantial evidence. *Shu Wen Sun v. BIA,* 510 F.3d 377, 380 (2d Cir.2007) (quotation marks omitted).

Because Teng based his claim for withholding of removal on the same factual predicate as his asylum claim, that claim necessarily fails. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir.2006). Because Teng failed to challenge the denial of CAT relief before the BIA, he abandoned any challenge to his CAT claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former