09-2589-ag
Chen v. Holder

BIA
Elstein, IJ
A096 241 859

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of February, two thousand ten.

PRESENT:
>        ROBERT D. SACK,
>        RICHARD C. WESLEY,
>        PETER W. HALL,
>             *Circuit Judges*.

_____

FENG CHEN,
>        *Petitioner*,

>        v.                                    09-2589-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent*.

_____

FOR PETITIONER:        Farah Loftus, Century City, California.

**FOR RESPONDENT:**      **Tony West, Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director; Sada Manickam, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Feng Chen, a native and citizen of the People's Republic of China, seeks review of a May 29, 2009 order of the BIA, affirming the July 19, 2007 decision of Immigration Judge ("IJ") Annette S. Elstein, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Chen*, No. A096 241 859 (B.I.A. May 29, 2009), *aff'g* No. A096 241 859 (Immig. Ct. N.Y. City July 19, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

As a preliminary matter, Chen ignores altogether the fact that the IJ pretermitted her asylum application as untimely. Thus, that finding stands as a valid basis for the denial of that relief. *See* 8 U.S.C. § 1158(a)(2)(B).

With respect to Chen's application for withholding of removal, although it may have been an error for the IJ to base her adverse credibility determination, in part, on Chen's submission of fraudulent documents without first making an explicit finding that Chen knew the documents to be fraudulent, *see Corovic,* 519 F.3d at 97-98, substantial evidence remains to support the agency's adverse credibility

2

determination.* *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir. 2006) (finding that the Court need not remand, despite errors in the agency's decision, where doing would be futile, *i.e.*, when the Court can "'confidently predict' that the agency would reach the same decision absent the errors that were made.").

The IJ reasonably relied on discrepancies between Chen's hearing testimony and her asylum application, including inconsistencies in her account of the events following her alleged forced abortion and whether she worked in China after her abortion. The IJ did not err in declining to credit Chen's explanations for those discrepancies, *see Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005), or in concluding that their cumulative effect was to undermine Chen's overall credibility. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006). Furthermore, the IJ reasonably relied on Chen's evasive demeanor in finding her not credible. *See Majidi*, 430 F.3d at 81.

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007) (per curiam). To the extent Chen's claim was based on her fear of persecution under China's family planning policy, the agency's denial of Chen's application for withholding of removal and CAT relief was proper. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003) (per curiam). In addition, because Chen failed to present any evidence that she would more likely than not be tortured upon her return to China because of her illegal departure, the

---

*In arguing that the IJ erred in basing her credibility determination on Chen's submission of fraudulent documents without first finding that Chen knew that the documents were fraudulent, Chen relies entirely on Ninth Circuit precedent. Indeed, Chen cites not a single case from this Circuit in her brief. Petitioner's counsel is reminded that cases from other circuits are not binding precedent in this Court.

3

agency's denial of her claim for CAT relief on that basis was also proper.  *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4