09-4647-ag
You v. Holder

BIA
Hom, IJ
A073 226 653

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20ᵗʰ day of July, two thousand ten.

PRESENT:
        REENA RAGGI,
        RICHARD C. WESLEY,
        GERARD E. LYNCH,
                *Circuit Judges*.

_____

FENG ZHEN YOU,
        *Petitioner*,

        v.                                  09-4647-ag
                                            NAC
ERIC H. HOLDER, Jr., U.S. ATTORNEY
GENERAL,
        *Respondent*.

_____

FOR PETITIONER:         Edward J. Cuccia, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General, Francis W. Fraser, Senior Litigation Counsel, Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Feng Zhen You, a native and citizen of the People's Republic of China, seeks review of an October 13, 2009, order of the BIA, affirming the April 15, 2008, decision of Immigration Judge ("IJ") Sandy K. Hom, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Feng Zhen You*, No. A073 226 653 (B.I.A. Oct. 13, 2009), *aff'g* No. A073 226 653 (Immig. Ct. N.Y. City Apr. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as 'conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir.2007), quoting 8 U.S.C. § 1252(b)(4)(B). Because You filed her asylum application before May 11, 2005, the

amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005 do not apply to her asylum application. *See* Pub. L. No. 109-13, § 101(h)(2), 119 Stat. 231, 305 (2005).

Substantial evidence supports the IJ's adverse credibility determination. The IJ found that: (1) although You's 1994 application stated that family planning officials "dragged [her] to the abortion and sterilization operation," her 2007 application stated that, following a struggle with family planning cadres, she fell down the stairs and had a miscarriage; and (2) although You's 2007 application stated that she was prevented from registering her marriage because she was underage, she was not under the legal age to marry at that time. Although minor and isolated discrepancies may be insufficient to support an adverse credibility finding, *see Diallo v. INS,* 232 F.3d 279, 285-86 (2d Cir. 2000), the multiple discrepancies here were not isolated, and related to events at the heart of You's claim – that she suffered past persecution based on her violation of China's family planning policy.

We generally will not disturb adverse credibility determinations that are based on "specific examples in the

3

record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters."  *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't. of Justice*, 494 F.3d 296, 305 (2d Cir. 2007) (en banc).  Contrary to You's argument that the IJ should not have relied on the inconsistent statements in her 1994 application, we have held that if the applicant's statements to an asylum officer and her later testimony present materially different accounts of her purported persecution, the inconsistencies may render her testimony incredible.  *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 180-81 (2d Cir. 2004).

Additionally, the IJ was not required to credit You's explanation that, she did not know what was in her 1994 application because it was completed by a travel agency. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The IJ thus reasonably relied on the cumulative effect of the inconsistencies between You's testimony and her written statement to find her testimony unworthy of belief.  *See Tu*

4

*Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

Furthermore, the IJ reasonably relied on You's demeanor to find her not credible, noting that she was "hesitant," "unsure in terms of her responses," and "repetitive in her answers." We afford particular deference to such assessments of an applicant's demeanor. *See Majidi*, 430 F.3d at 81 n.1.

Lastly, because the IJ did not find You's testimony credible, he properly noted the absence of documentary evidence that may have corroborated her claim that she had been forcibly sterilized. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006). Although You argues that the IJ erred in giving diminished weight to the letters she submitted in support of her application, we defer to the IJ's evaluation of documentary evidence. *Id.* at 342.

Accordingly, substantial evidence supports the agency's adverse credibility determination. *See Zhou Yun Zhang*, 386 F.3d at 74. Because the only evidence of a threat to You's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for asylum, withholding of removal, and

5

CAT relief.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

_____