10-1749-ag
Kalansuriya v. Holder

BIA
Vomacka, IJ
A097 538 432

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of April, two thousand eleven.

PRESENT:
>        ROBERT A. KATZMANN,
>        DEBRA ANN LIVINGSTON,
>        RAYMOND J. LOHIER, JR.,
>             *Circuit Judges.*

_____

GAMINI KALANSURIYA,
>        *Petitioner,*

>        v.                                        10-1749-ag
>                                                  NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*
_____

FOR PETITIONER:          Visuvanathan Rudrakumaran, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Blair T. O'Connor, Assistant Director; Joseph D. Hardy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gamini Kalansuriya, a native and citizen of Sri Lanka, seeks review of the April 8, 2010, order of the BIA affirming the July 29, 2008, decision of Immigration Judge ("IJ") Alan A. Vomacka pretermitting his application for asylum as untimely filed and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gamini Kalansuriya*, No. A097 538 432 (B.I.A. Apr. 8, 2010), *aff'g* No. A097 538 432 (Immig. Ct. N.Y. City July 29, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and IJ's opinions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Substantial evidence supports the agency's adverse credibility determination. In finding Kalansuriya not

2

credible, the IJ reasonably relied in part on Kalansuriya's demeanor while testifying and the implausibility of part of his claim. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Wensheng Yan v. Mukasey*, 509 F.3d 63, 66 (2d Cir. 2007); *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005). Additionally, the IJ reasonably noted the absence of certain documentary evidence that may have corroborated Kalansuriya's claim. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Kalansuriya argues that the agency erred in concluding that there was an inconsistency between his testimony and his asylum application regarding whether he was pressured by the Liberation Tigers of Tamil Eelam ("LTTE") to stop providing information to the police or military, or whether he was told instead by the LTTE to stop conducting business with the police and military. Even assuming that this inconsistency finding was not supported by the record, however, remand is unnecessary here because the agency's other findings constitute substantial evidence to support the adverse credibility determination, and we can confidently predict that the agency would reach the same decision were the case remanded. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338-40 (2d Cir. 2006).

We decline to consider Kalansuriya's argument that the

3

IJ erred by failing to consider the most recent U.S. Department of State country reports because Kalansuriya did not exhaust this argument before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

Finally, insofar as Kalansuriya based his applications for withholding of removal and CAT relief on the same factual predicate that the agency found not credible, both of his claims necessarily fail. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4