10-319-ag
He v. Holder

BIA
Videla, IJ
A200 037 310

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand eleven.

PRESENT:
>           DENNIS JACOBS,
>                   *Chief Judge*,
>           ROBERT A. KATZMANN,
>           DENNY CHIN,
>                   *Circuit Judges*.

_____

JIN GING HE,
>           *Petitioner*,

>           v.                                    10-319-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>           *Respondent*.

_____

FOR PETITIONER:         Ramesh K. Shrestha, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney General; Anthony P. Nicastro, Senior Litigation Counsel; D. Nicholas

**Harling, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Ging He, a native and citizen of China, seeks review of a December 30, 2009, order of the BIA affirming the March 26, 2008, decision of Immigration Judge ("IJ") Gabriel C. Videla, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Ging He*, No. A200 037 310 (B.I.A. Dec. 30, 2009), *aff'g* No. A200 037 310 (Immig. Ct. N.Y. City Mar. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110-11 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). In *Shi Liang Lin*

2

*v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007), we determined that, under 8 U.S.C. § 1101(a)(42), an individual is not *per se* eligible for asylum based on the forced abortion or sterilization of a spouse or partner because "applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." Id. at 308  In the absence of *per se* persecution based on his wife's abortions, He was required to show "other resistance to a coercive population control program," and that he was persecuted or has a well founded fear of persecution as a result.   Id. at 308.

Without the making of a credibility determination, the agency reasonably concluded that He nevertheless failed to demonstrate persecution.  He's claim is based on his wife's forced abortions, the fine to which he was subject, and his parents' detention.  But, the BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987).  The harm must be sufficiently severe, rising above "mere harassment."

3

*Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). Economic harm may constitute persecution; however, "an applicant for asylum must demonstrate a severe economic disadvantage." *Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (BIA 2007).

Here, the agency addressed the harassment described by He, and reasonably found that it was insufficiently severe to constitute persecution. *See Ivanishvili*, 433 F.3d at 341. He presented no evidence to suggest that the one fine he was forced to pay caused him severe economic disadvantage, nor did he present any evidence indicating that he suffered harm from his parents' detention, or that his parents were abused or harmed while detained. While He may well have been harmed by his wife's abortions, the only resistance to a coercive population control program that he discussed was yelling at officials when they took his wife for her second abortion. When asked at his hearing if he had any direct problem with family planning officials, He answered, "[p]ersonally, no." Accordingly, the agency did not err in concluding that He did not suffer past persecution. *See id*.

4

Because the agency reasonably concluded that He did not suffer past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 208.13(b). Furthermore, He makes no argument concerning a fear of future persecution independent of the incidents that occurred in the past, other than a generalized, conclusory statement. Consequently, the agency reasonably concluded that He did not meet his burden of establishing a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (concluding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Because He did not establish a well-founded fear of persecution, he necessarily cannot sustain the heavier burden of showing it is more likely than not he will be persecuted if he returns to China. The agency therefore did not err in denying his application for withholding of removal. *See* 8 C.F.R. § 1208.16(b). Finally, He's allegation that it is reasonable to expect that he will be tortured if he returns to China is not supported by any argument or evidence, and it is insufficient to establish eligibility for protection under CAT. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a); *Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 160 (2d Cir. 2005).

5

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

```
                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk
```