**MAO LU WENG–CHEN, Petitioner,**

v.

**Eric H. HOLDER, Jr.,[1] Attorney General, Respondent.**

**No. 07–3816–ag.**

United States Court of Appeals, Second Circuit.

March 5, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr. is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

Thomas V. Massucci, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, U.S. Department of Justice, Civil Division; Michael P. Lindemann, Assistant Director; Douglas E. Ginsburg, Senior Litigation Counsel, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Petitioner Mao Lu Weng–Chen, a native and citizen of the People's Republic of China, seeks review of an August 22, 2007 order of the BIA affirming the December 14, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mao Lu Weng–Chen*, No. A 98 349 455 (B.I.A. Aug. 22, 2007), *aff'g* No. A 98 349 455 (Immig. Ct. N.Y. City Dec. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007). We review de novo questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

### I. Asylum and Withholding of Removal

■ We find no error in the agency's determination that Weng–Chen failed to establish eligibility for asylum or withholding of removal. As to past persecution, Weng–Chen testified that three police officers came to his home to arrest his father for being a Falun Gong member, destroyed his family's furniture, and threatened to impose a fine when they learned that his father was not present. He claimed that after one police officer slapped his mother's face because she was

arguing with them, he pushed that officer and he "fell to the ground." Weng–Chen indicated that when the police attempted to arrest him, neighbors helped him to escape. Under these circumstances, the agency did not err in finding that Weng–Chen failed to establish that his experiences amounted to past persecution. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir.2006) (holding that the harm must rise above "mere harassment"); *Ai Feng Yuan v. U.S. Dep't of Justice,* 416 F.3d 192, 198 (2d Cir.2005).

Similarly, the record supports the agency's determination that Weng–Chen failed to establish a well-founded fear of persecution. Because he failed to establish that he had been subjected to past persecution, there is no presumption of any likelihood that he would be subjected to future persecution in China. 8 C.F.R. § 1208.16(b)(1). Moreover, Weng–Chen's assertion that the police imputed his father's political opinion to him is unavailing. We have previously found error where the agency failed to apply a mixed-motive analysis in evaluating an applicant's claim that the government harmed him based on an imputed political view—specifically, where the agency failed to gauge whether the punishment administered was "disproportionate to the crime." *See Vumi v. Gonzales,* 502 F.3d 150 (2d Cir.2007) (citing *Matter of S–P–,* 21 I. & N. Dec. 486, 493 (BIA 1996)). In the instant case, Weng–Chen testified that his mother informed him that the police intended to beat him to death once they arrested him. While being beaten to death is certainly disproportionate to any crime Weng–Chen committed for having pushed a police officer, we agree with the BIA that the record contains no indication that the police mistakenly believed that Weng–Chen practiced or otherwise supported Falun Gong. Rather, the IJ reasonably found that the authorities intended to punish Weng–Chen for having pushed one

of the officers, and not due to his relationship with a Falun Gong member. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 (2d Cir.2005). *But see Chun Gao v. Gonzales,* 424 F.3d 122, 129–30 (2d Cir. 2005). Because we find no error in the agency's conclusion that Weng–Chen failed to demonstrate any nexus to a protected ground, the denial of his application for asylum and withholding of removal was proper.

## II. CAT

Unlike claims for asylum and withholding of removal, Weng–Chen's CAT eligibility does not require a showing of any nexus to a protected ground. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 185 (2d Cir.2004). Thus, Weng–Chen's failure to carry his burden fo proof with respect to asylum and withholding of removal does not preclude his eligibility for CAT relief. *Id.* at 184–85. However, we find that substantial evidence supports the agency's denial of Weng–Chen's request for CAT relief on credibility grounds.

The IJ's adverse credibility determination rested principally on four bases: (1) the inconsistency in Weng–Chen's testimony about what occurred when he pushed the police officer, (2) that Weng–Chen did not know his cousin's address, (3) Weng–Chen's hesitant and evasive demeanor, and (4) that the letter from Weng–Chen's mother was clearly prepared for litigation and therefore deserving of little weight. While the IJ likely erred in its assessment of the first two, because it correctly addressed the second two, we find substantial evidence supported the BIA's affirmance of the IJ's credibility determination.

First, the BIA affirmed the IJ's finding that Weng–Chen's statement in his written application and his mother's assertion in her letter that he pushed an officer

"to the wall" was inconsistent with his testimony that the officer fell to the ground as a result of being pushed. While the BIA acknowledged Weng–Chen's argument that pushing a person into a wall is not inconsistent with that person falling to the ground, it found that even if "plausible," Weng–Chen's argument did not render the IJ's finding erroneous. That rationale was flawed, where the issue was not whether Weng–Chen's argument was plausible, but whether there was any inconsistency at all between his testimony and application. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 400 (2d Cir.2005). Because we agree with Weng–Chen that his statements were not inconsistent, the agency's adverse credibility determination was flawed in this respect. *See id.*

The agency also erred by finding that Weng–Chen did not know the address of his cousin with whom he lived for two months in 2004. As Weng–Chen argues, he specifically provided his cousin's home address at his hearing.[2] Thus, this aspect of the agency's adverse credibility finding was also flawed. *See Cao He Lin*, 428 F.3d at 400.

 In support of her adverse credibility finding, the IJ found that Weng–Chen was an "extremely hesitant and evasive" witness during cross-examination. We ordinarily afford substantial deference to a fact-finder's assessment of demeanor because an IJ has the "unique advantage in making credibility findings of having heard directly from the applicant." *Majidi v. Gonzales*, 430 F.3d 77, 81 n. 1 (2d Cir.2005) (internal quotation marks and citations omitted). The IJ in this case, with such a "unique advantage," found Weng–Chen's evasive demeanor lessened his credibility,

and we see no reason not to afford this determination substantial deference.

The other proper finding made by the IJ was that a letter Weng–Chen submitted from his mother warranted diminished weight because it was "clearly prepared for purposes of litigation" and was not notarized. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341–42 (2d Cir. 2006). To the extent the IJ found that the absence of corroboration undermined Weng–Chen's credibility, this in addition to the IJ's assessment of Weng–Chen's demeanor was sufficient to form a basis for an adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 287 (2d Cir. 2000). Thus, notwithstanding the IJ's errors in assessing inconsistencies in Weng–Chen's version of his pushing of the Chinese police officer and his ability to recall his cousin's address, we find that substantial evidence supports the agency's finding that Weng–Chen's testimony was not credible.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** The agency's finding may have stemmed from Weng–Chen's testimony that he was uncertain whether his father—who resides with his cousin—used his cousin's mailing address as his own return address.