SUMMARY ORDER

Yang Hong Lin, a native and citizen of China, seeks review of a September 10, 2008 order of the BIA affirming the January 23, 2007 decision of Immigration Judge (“IJ”) Thomas J. Mulligan, which denied her application for asylum and withholding of removal. In re Yang Hong Lin, No. A200 032 454 (B.I.A. Sept. 10, 2008), aff'g No. A200 032 454 (Immig. Ct. N.Y. City Jan. 23, 2007). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
*76 “Where ... the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, [this Court] review[s] both the BIA’s and IJ’s opinions- — or more precisely, [the Court] review[s] the IJ’s decision including the portions not explicitly discussed by the BIA.” Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Xiu Xia Lin v. Mukasey, 534 F.3d 162, 165-66 (2d Cir.2008).[2]
We find no reason to disturb the agency’s adverse credibility determination. We afford particular deference to the IJ’s assessment of demeanor because the IJ is in the unique position of observing the applicant testify. See Shu Wen Sun v. BIA, 510 F.3d 377, 380-81 (2d Cir.2007); Tu Lin v. Gonzales, 446 F.3d 395, 400-01 (2d Cir.2006); Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005). Indeed, this Court has held that the deference it affords in applying the substantial evidence standard “is at its highest point where an IJ’s credibility determinations are based on observation of the applicant’s demean- or.” Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 116-17 (2d Cir.2007). Here, the IJ found that Lin’s demeanor indicated that she was not testifying in a credible manner, noting long delays in her answers numerous times in the record. Further, the IJ observed that Lin’s expressions of emotion throughout her testimony appeared to be “contrived.” We are in no position to reject such findings.
Thus, we decline to disturb the agency s adverse credibility determination. Because Lin based her claims for asylum and withholding of removal on the same factual predicate, establishment of which was dependent on the testimony determined by the IJ not to be credible, both claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

. The asylum application in this case is governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, Pub.L. No. 109-13, div. B, 119 Slat. 302.