**ZHU QIONG CHEN, Hui Chen, aka Ha Antoine, aka Anh Tuan Ha, Petitioners,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

No. 08–2083–ag.

United States Court of Appeals, Second Circuit.

Aug. 5, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Gary J. Yerman, New York, NY, for Petitioners.

Michael F. Hertz, Acting Assistant Attorney General; Stephen J. Flynn, Assistant Director; Thomas B. Fatouros, Senior Litigation Counsel; James A. Hurley, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

***SUMMARY ORDER***

Zhu Qiong Chen, and her husband Hui Chen, natives and citizens of the People's Republic of China, seek review of an April 3, 2008 order of the BIA, affirming the February 21, 2007 decision of Immigration Judge ("IJ") Noel Ferris, which denied their applications for asylum and withholding of removal. *In re Zhu Qiong Chen, Hui Chen,* Nos. A097 980 410, A096 190 100 (B.I.A. Apr. 3, 2008), *aff'g* Nos. A097 980 410, A096 190 100 (Immig. Ct. N.Y. City Feb. 21, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA,* 510 F.3d 377, 379 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

Substantial evidence supports the agency's finding that Petitioners were not credible as to their claim that Zhu Chen had suffered a forced abortion in China. That finding relied on several inconsistencies between their testimony and their written asylum applications. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–07 (2d Cir.2006). Petitioners argue that any discrepancies were too minor to support an adverse credibility determination;

but the discrepancies concerned the alleged forced abortion and the couple's flight from persecution. And, even if they were minor, *see Diallo v. INS,* 232 F.3d 279, 288 (2d Cir.2000), the agency did not err in finding that, taken together, they provided support for its adverse credibility finding, *see Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006). Although petitioners offered explanations for these discrepancies, no reasonable fact-finder would have been compelled to accept them. *See Majidi v. Gonzales,* 430 F.3d 77, 81 (2d Cir.2005).

Moreover, the IJ reasonably noted that Zhu Chen appeared to testify from a memorized script. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). As the IJ was in the best position to observe demeanor, we defer to the IJ's finding. *See Majidi,* 430 F.3d at 81 n. 1.

Ultimately, because a reasonable fact-finder would not be compelled to conclude to the contrary, the IJ's adverse credibility determination was supported by substantial evidence. *See Shu Wen Sun,* 510 F.3d at 379. The agency therefore properly denied Petitioners' applications for asylum and withholding of removal insofar as they were based on Zhu Chen's alleged forced abortion. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

■ Applicants may nevertheless establish eligibility for asylum by showing that they subjectively fear persecution on account of an enumerated ground and that their fear is objectively reasonable. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). In this case, the BIA reasonably found that Petitioners had failed to demonstrate such a fear premised on the birth of their U.S. citizen children. *See* generally *Jian Hui Shao v. Mukasey,*

546 F.3d 138, 158–73 (2d Cir.2008) (providing that the Court does not resolve conflicts in record evidence). Accordingly, the agency properly denied their applications for asylum and withholding of removal insofar as they were based on the birth of their U.S. citizen children. *See Paul,* 444 F.3d at 156.

■ Finally, we lack jurisdiction to consider Petitioners' argument that they established their eligibility for relief under the Convention Against Torture ("CAT") because they explicitly declined to apply for that category of relief before the IJ. *See* 8 U.S.C. § 1252(d)(1); *see also Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir. 2006).[2] We dismiss the petition for review to that extent.

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

2. The BIA's error in adopting and affirming a finding that the IJ did not make does not allow us to consider Petitioners' eligibility for CAT relief.