SUMMARY ORDER

Ying Qian, a native and citizen of the People’s Republic of China, seeks review of a December 22, 2008 order of the BIA, affirming the May 4, 2006 decision of Immigration Judge (“IJ”) Barbara A. Nelson, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Ying Qian, No. A097 817 066 (B.I.A. Dec. 22, 2008), aff'g No. A097 817 066 (Immig. Ct. N.Y. City May 4, 2006). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
When “the BIA agrees with the IJ’s conclusion that a petitioner is not credible and, without rejecting any of the IJ’s grounds for decision, emphasizes particular aspects of that decision, we will review both the BIA’s and IJ’s opinions — or more precisely, we review the IJ’s decision including the portions not explicitly discussed by the BIA.” Yun-Zui Guan v. Gonzales, 432 F.3d 391, 394 (2d Cir.2005). “We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard.” Shu Wen Sun v. BIA, 510 F.3d 377, 379 (2d Cir.2007); see 8 U.S.C. § 1252(b)(4)(B). “We review de novo questions of law and the application of law to undisputed fact.” Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
Substantial evidence supports the agency’s adverse credibility determination. In finding Qian’s testimony not credible, the IJ reasonably relied on the omission of facts to which Qian later testified from her written asylum application and her mother’s letter. Specifically, the IJ noted that Qian’s asylum application failed to mention: (1) that her detention was televised; (2) that she was required to report to the police precinct on a weekly basis after her release from detention; and (3) that her family felt compelled to move to another area within China because of the stigma associated with Qian’s detention for her Falun Gong activities. While we have held that the agency may err in relying on the absence of certain details from an asylum application because “the circumstances surrounding the application process do not often lend themselves to a perfectly complete and comprehensive recitation of an applicant’s claim[,]” Secaido-Rosales v. INS, 331 F.3d 297, 308 (2d Cir.2003), the *551 omissions here concerned central aspects of Qian’s claim. Even if they could be described as minor, moreover, the IJ was entitled to rely on their cumulative effect when taken together with the other discrepancies she identified. See Tu Lin v. Gonzales, 446 F.3d 395, 402 (2d Cir.2006) (“[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder.” (internal citations and quotation marks omitted)); see also Liang Chen v. U.S. Att’y Gen., 454 F.3d 103, 106-07 (2d Cir.2006).
Another reasonable basis for the IJ’s credibility determination was her assessment of Qian’s demeanor, which the IJ described as “quite panicked.” Because the IJ was in the best position to observe Qian’s manner while testifying, we afford particular deference to her demeanor finding. See Zhou Yun Zhang v. INS, 386 F.3d 66, 73-74 (2d Cir.2004) overruled on different grounds by Shi Liang Lin v. U.S. Dep’t of Justice, 494 F.3d 296 (2d Cir.2007).
Having called Qian’s credibility into question, the IJ also reasonably relied on her failure to corroborate her claim with a statement from her husband. See Biao Yang v. Gonzales, 496 F.3d 268, 273 (2d Cir.2007); see also Maladho Djehe Diallo v. Gonzales, 445 F.3d 624, 633-34 (2d Cir.2006).
Because the agency’s adverse credibility determination was supported by substantial evidence, it reasonably denied Qian’s applications for asylum, withholding of removal, and CAT relief insofar as these applications were based on her Falun Gong claim. See Paul v. Gonzales, 444 F.3d 148, 156-57 (2d Cir.2006) (recognizing that withholding of removal and CAT claims necessarily fail if. the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).
Finally, we will not consider Qian’s unexhausted argument that she demonstrated her eligibility for withholding of removal based on her purported illegal departure from China. See Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).