09-1642-ag
Jiang-Zheng v. Holder

BIA
Van Wyke, IJ
A098 717 922

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of February, two thousand ten.

PRESENT:
  JOSÉ A. CABRANES,
  ROBERT D. SACK,
  BARRINGTON D. PARKER,
      *Circuit Judges*.

_____

RONG JIANG-ZHENG,
      *Petitioner*,

  v.                                09-1642-ag
                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Lee Ratner, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General, Civil Division; Linda S.
                     Wernery, Assistant Director; Kerry
                     A. Monaco, Trial Attorney, Office of
                     Immigration Litigation, United
                     States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Rong Jiang-Zheng, a native and citizen of the People's Republic of China, seeks review of a March 26, 2009 order of the BIA, affirming the November 8, 2007 decision of Immigration Judge ("IJ") William Van Wyke, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Jiang-Zheng*, No. A098 717 922 (B.I.A. Mar. 26, 2009), *aff'g* No. A098 717 922 (Immig. Ct. N.Y. City Nov. 8, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA's and the IJ's decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. *See Corovic,* 519 F.3d at 95.

First, the IJ reasonably relied on Jiang-Zheng's demeanor in concluding that his testimony was "entirely unconvincing." The IJ noted that Jian-Zheng was unresponsive to the questions posed, often hedged in his answers, and displayed reactions that were "inappropriate" under the circumstances. Because the "[IJ's] ability to observe the witness's demeanor places [him] in the best position to evaluate [credibility]," *Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 113 (2d Cir. 2005), we defer to the IJ's assessment that Jiang-Zheng's overall demeanor undermined his credibility. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Second, the IJ reasonably relied on several inconsistencies between Jiang-Zheng's testimony and the documents of record. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Jiang-Zheng testified that Wu Jiang, a friend who introduced him to Christianity, was not present on the day Jiang-Zheng was arrested. However, Wu Jiang states in a letter that "[w]e had also been arrested, beaten and held in the Police Station because of our affiliation with the church." In addition, Jiang-Zheng gave discrepant testimony regarding the ministers at the two churches he purportedly attended in

3

the United States.  Although Jiang-Zheng offered explanations for these inconsistencies, no reasonable fact-finder would be compelled to credit them.  *Majidi*, 430 F.3d at 81.  Thus, the IJ was entitled to rely on these discrepancies in finding Jiang-Zheng not credible.  *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir. 2006).

Finally, having called Jiang-Zheng's credibility into question, the IJ reasonably relied upon the absence of reliable evidence corroborating Jiang-Zheng's alleged practice of Christianity in the United States.  *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Biao Yang v. Gonzales,* 496 F.3d 268, 273 (2d Cir. 2007).

Ultimately, the IJ's adverse credibility determination was supported by substantial evidence.  *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).  Thus, because Jiang-Zheng's entire claim for relief was based on his fear of harm on account of his Christian faith, the agency's denial of his application for asylum, withholding of removal, and CAT relief was proper.  *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir. 2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir. 2003).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk