08-3160-ag
Qiu v. Holder

BIA
Hom, IJ
A078 015 937

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of May, two thousand ten.

PRESENT:
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
        GERARD E. LYNCH,
           *Circuit Judges.*

--------------------------------------------

YU FEI QIU,
        *Petitioner,*

      v.                         08-3160-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*[1]

--------------------------------------------

FOR PETITIONER:      Yee Ling Poon, New York, N.Y.

FOR RESPONDENT:     Gregory G. Katsas, Acting Assistant Attorney General; Michelle Gordon Latour, Assistant Director, Timothy G. Hayes, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric. H. Holder, Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Yu Fei Qiu, a native and citizen of the People's Republic of China, seeks review of a May 27, 2008, order of the BIA affirming the September 27, 2006, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied Qiu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Fei Qiu*, No. A078 015 937 (B.I.A. May 27, 2008), *aff'g* No. A078 015 937 (Immig. Ct. N.Y. City Sept. 27, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007).

I. **Asylum and Withholding of Removal**

We find no error in the agency's adverse credibility determination. The IJ reasonably determined that the

2

inconsistency between Qiu's gynecological examination book ("exam book"), which stated that she was married, and her asylum application, which stated that she was single, undermined the exam book's reliability. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). To the extent that Liu offered explanations for the discrepancies the IJ identified, the IJ was not compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). The IJ also reasonably determined that Qiu's hesitant and unresponsive demeanor undermined her credibility with respect to her claim of past persecution. *See id.* at 81 n.1; *see also Shu Wen Sun v. Board of Immigration Appeals*, 510 F.3d 377, 380-81 (2d Cir. 2007). Ultimately, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1252(b)(4)(B).

We also find no error in the agency's denial of Qiu's claim of a fear of future persecution. The agency reasonably found speculative Qiu's claim that she had a well-founded fear of persecution based on her intention to have a second child. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005) (holding that, absent solid support in the record for the petitioner's assertion that he would be subjected to forced sterilization, his fear was "speculative at best").

3

## II. CAT Claim

It is well settled that evidence demonstrating that some individuals who left China illegally are imprisoned upon their return, and that human rights violations including torture occur in Chinese prisons, is insufficient to establish a clear probability of torture for a particular illegal emigrant. *See Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005); *see also Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143-44 (2d Cir. 2003). Accordingly, because Qiu fails to demonstrate that someone in her "particular alleged circumstances" is more likely than not to face torture, substantial evidence supports the agency's finding that Qiu failed to demonstrate her eligibility for CAT relief. *See Mu-Xing Wang*, 320 F.3d at 143-44.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4