10-2705-ag
Zhu v. Holder

BIA
Rohan, IJ
A097 335 850

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of April, two thousand eleven.

PRESENT:
GUIDO CALABRESI,
REENA RAGGI,
RAYMOND J. LOHIER, JR.,
    *Circuit Judges.*

_____

MAIJIN ZHU,
    *Petitioner,*

    v.               10-2705-ag
                         NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:    Jan Potemkin, New York, New York.

FOR RESPONDENT:    Tony West, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Michael C. Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Maijin Zhu, a native and citizen of China, seeks review of a June 9, 2010, order of the BIA affirming the November 18, 2008, decision of Immigration Judge ("IJ") Patricia A. Rohan, which denied his application for asylum and withholding of removal. *In re Maijin Zhu*, No. A097 335 850 (B.I.A. June 9, 2010), *aff'g* No. A097 335 850 (Immig. Ct. N.Y. City Nov. 18, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Because Zhu is not *per se* eligible for asylum based on his girlfriend's forced abortion, he was required to show "other resistance to a coercive population control program,"

and that he was persecuted as a result. *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 308 (2d Cir. 2007). The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled, in part, on other grounds*, *INS v. Cardoza-Fonseca*, 480 U.S. 421 (1987). The harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006).

Here, the IJ reasonably found that the harm Zhu suffered was insufficiently severe to constitute persecution. Zhu was denied permission to marry on two occasions because he was underage, family planning officials intruded upon and stopped his traditional wedding, and they threatened to arrest him after he argued with them, forcing him to flee. Because Zhu returned to his home that same evening, and had no further issues with the authorities in the three months before he left China, the agency reasonably concluded that Zhu did not suffer past persecution. *See id*.

Because the agency reasonably concluded that Zhu did not suffer past persecution, he was not entitled to a

presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1). As the only specific allegation Zhu made regarding future persecution was that the family planning officials threatened to arrest him for any future violation of the policy, the agency reasonably concluded that Zhu did not meet his burden of establishing a well-founded fear of future persecution. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (concluding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best"). Because Zhu did not demonstrate past persecution, or a well-founded fear of future persecution, the agency did not err in denying his application for asylum. *See* 8 C.F.R. § 208.13(b). Moreover, because Zhu did not establish a well-founded fear of persecution, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See* 8 C.F.R. § 1208.16(b); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk