Rexhepi v. Holder

BIA
Morace, IJ
A096 257 699

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of September, two thousand eleven.

PRESENT:
> JOSÉ A. CABRANES,
> PETER W. HALL,
> DENNY CHIN,
> > *Circuit Judges.*

_____

RIZA REXHEPI,
> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

10-2916-ag
NAC

_____

FOR PETITIONER: Susan E. Zak, Medford, Massachusetts.

FOR RESPONDENT: Tony West, Assistant Attorney General; Christopher C. Fuller, Senior Litigation Counsel; Paul F.

**Stone, Trial Attorney, Office of
Immigration Litigation, United
States Department of Justice,
Washington D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Riza Rexhepi, a native and citizen of Albania, seeks review of the June 22, 2010, decision of the BIA affirming the July 21, 2003, decision of Immigration Judge ("IJ") Philip L. Morace denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Riza Rexhepi*, No. A096 257 699 (B.I.A. June 22, 2010), *aff'g* No. A096 257 699 (Immig. Ct. N.Y. City July 21, 2003). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Substantial evidence supports the IJ's adverse credibility determination. In finding Rexhepi not credible, the IJ reasonably relied in part on Rexhepi's inconsistent testimony regarding the location of his 1997 arrest and the procurement of his Democracy Party membership card. *See Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 74 (2d Cir. 2004) (noting that the Court generally will not disturb adverse credibility determinations that are based on "specific examples in the record of inconsistent statements . . . about matters material to [an applicant's] claim of persecution") (internal quotation marks omitted), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc). Moreover, a reasonable fact finder would not be compelled to credit Rexhepi's explanations for these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Furthermore, contrary to Rexhepi's contention, the IJ did not err in recognizing that Rexhepi's testimony was of a "generalized nature" and lacked "details and specifics." We have recognized that "[w]here an applicant gives very spare testimony, . . . the IJ . . . may fairly wonder whether the testimony is fabricated," *Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 152 (2d Cir. 2003), *overruled in part on other grounds*

2

by *Shi Liang Lin*, 494 F.3d at 305, but have held that "a finding of testimonial vagueness cannot, without more, support an adverse credibility determination unless government counsel or the IJ first attempts to solicit more detail from the alien," *Shunfu Li v. Mukasey*, 529 F.3d 141, 147 (2d Cir. 2008). In this case, the IJ did not err by noting the generalized nature of Rexhepi's testimony, particularly when both the IJ and the government attorney probed Rexhepi for additional details regarding his claims and when the IJ also relied on material inconsistencies in the record to find him not credible. *See id*.

Accordingly, because the IJ's adverse credibility determination was supported by substantial evidence, the IJ did not err in denying Rexhepi's application for asylum, withholding of removal, and CAT relief as those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3