13-4708
Zhu v. Bondi

BIA
Zagzoug, IJ
A087 916 820

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-five.

PRESENT:
> DENNIS JACOBS,
> RAYMOND J. LOHIER, JR.,
> BETH ROBINSON,
> *Circuit Judges.*

_____

WEI SUI ZHU,
> *Petitioner*,

v.                                                                13-4708
                                                                  NAC

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,[1]

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Pamela Bondi is automatically substituted for former Attorney General Merrick B. Garland as Respondent.

*Respondent.*

_____

**FOR PETITIONER:**       Gary J. Yerman, Esq., New York, NY.

**FOR RESPONDENT:**       Stuart F. Delery, Assistant Attorney General; John S. Hogan, Senior Litigation Counsel; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Wei Sui Zhu, a native and citizen of China, seeks review of a November 21, 2013 decision of the BIA affirming a July 11, 2012 decision of an Immigration Judge ("IJ") that denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wei Sui Zhu*, No. A087 916 820 (B.I.A. Nov. 21, 2013), *aff'g* No. A087 916 820 (Immig. Ct. N.Y.C. July 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir.

2006). "We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard," and "[w]e review *de novo* questions of law and the application of law to fact." *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

We find no error in the agency's conclusion that Zhu failed to meet his burden of proof to establish eligibility for relief. *Id.* § 1158(b)(1)(B)(i). "The testimony of the applicant may be sufficient to sustain the applicant's burden without corroboration, but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. In determining whether the applicant has met the applicant's burden, the trier of fact may weigh the credible testimony along with other evidence of record." *Id.* § 1158(b)(1)(B)(ii).

As an initial matter, the agency reasonably relied on Zhu's demeanor during his merits hearing testimony to find that he was not credible. "[A] trier of fact may base a credibility determination on the demeanor, candor, or responsiveness

3

of the applicant." *Id.* § 1158(b)(1)(B)(iii). The agency cited several examples of Zhu's problematic demeanor or lack of responsiveness during the merits hearing. We grant "particular deference" to such determinations because the IJ is "in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question." *Shu Wen Sun v. BIA*, 510 F.3d 377, 380–81 (2d Cir. 2007) (quotation marks omitted). We defer to the IJ's conclusions regarding Zhu's demeanor because the record confirms that Zhu became nonresponsive and evasive when asked basic questions that did not pertain to the facts included in his application. For example, Zhu was unable to explain where he lived in the United States or identify the street he lived on or his address, but he could give specific details and dates from his application. The record thus supports the IJ's conclusion that Zhu appeared to have memorized the details of his claim of persecution and that his testimony was scripted. This is "paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate." *Li Zu Guan v. INS*, 453 F.3d 129, 140 (2d Cir. 2006).

Given the demeanor problems throughout Zhu's testimony, we find no

4

error in the agency's conclusion that Zhu failed to meet his burden of proof when considered in conjunction with his failure to corroborate his testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Moreover, where, as here, the IJ identifies reasonably available corroboration that could have been presented, the absence of that evidence can be an independent basis for the denial of relief. *See* 8 U.S.C. § 1158(b)(1)(b)(ii); *Pinel-Gomez v. Garland*, 52 F.4th 523, 529–32 (2d Cir. 2022).

As the agency found, Zhu failed to submit a statement from his brother, who was in China at the time Zhu was arrested and in the United States at the time of Zhu's hearing. Zhu's reason – that he was not very close to his brother – does not compel a conclusion that a statement was unavailable. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence

5

is unavailable."); *cf. Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (citation and quotation marks omitted)). Zhu also failed to corroborate his practice of Christianity in the United States. Although he testified that a relative had introduced him to his church in the United States, he could not identify that person by name, and the individual did not testify or submit a statement. Nor did any fellow churchgoers appear or submit statements. Although Zhu explained that they were afraid to appear because they did not have documented immigration status here, he did not explain why he did not at least obtain written statements. *See* 8 U.S.C. § 1252(b)(4); *cf. Majidi*, 430 F.3d 80–81. Finally, the IJ reasonably declined to give weight to unsworn statements from Zhu's father and a member of his church in China. *See Likai Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (holding that "the IJ acted within her discretion in according . . . little weight [to letters] because the declarants (particularly [petitioner]'s wife) were interested parties and neither was available for cross-examination"); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We

6

generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Considering the demeanor issues and the failure to present available corroboration that he had been arrested in China or that he practiced Christianity in the United States, the agency reasonably concluded that Zhu failed to meet his burden of proof. *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii). This finding is dispositive because Zhu's claims for asylum, withholding of removal, and CAT relief were all based on the same factual predicate. *See Hong Fei Gao*, 891 F.3d at 76; *Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7